UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamal R. Rivers, # 284504,<br>*a/k/a Jamal Rufus Rivers,*<br><br>        Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections;<br>Bryan Sterling;<br>Benard Mackie,<br><br>        Defendants.<br>_____ | C/A No. 2:15-697-DCN-MGB<br><br><br><br><br><br>**Report and Recommendation** |

  The plaintiff is an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections, which is the "lead" defendant in this civil rights action. The plaintiff has also brought suit against the Director of the South Carolina Department of Corrections and the Warden of the Kirkland Correctional Institution.

  In the "Facts" portion of the complaint, the plaintiff alleges: (1) on June 4, 2014, the Kirkland Correctional Institution's maintenance department came to the Gilliam Psychiatric Hospital to "reweld locks on the doors" (doc. 1 at 2); (2) the plaintiff told the maintenance workers that he has asthma and that the welding would cause him serious lung problems (*id.*); (3) "maintenance" proceeded with the welding, while the plaintiff "constantly told maintenance" that he could not breathe from the "AC/DC welding fumes" and while the arc light from the machine was bothering his eyes (*id.*); (4) "maintenance told Plaintiff that Security Personnel told them to proceed with the welding because they didn't

have enough staff to pull all inmates from their cells" (*id*. at 2–3); and (5) the plaintiff tried to get an inhalant after the welding but could not get an asthma treatment (*id*. at 3). The plaintiff states that he attempted to exhaust his prison remedies but could not get a response (*id*.). The plaintiff contends that the defendants owed him a duty of care, maintenance, safety, and proper treatment of his person and personal property, and that the defendants were deliberately indifferent to his federal constitutional rights, state constitutional rights, and state statutory rights under S.C. Code Ann. § 24-1-130 (*id*. at 3–4). In his prayer for relief, the plaintiff seeks $75,000 in compensatory damages, $100,000 in punitive damages, a trial before a judge, court costs, and additional relief deemed just and equitable by this court (*id*. at 4).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The South Carolina Department of Corrections is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

The two individual defendants, Director Stirling and Warden Mackie, were not personally involved in the welding incident, so liability may not be imposed upon them under Section 1983. Similarly, Warden Mackie and Director Stirling cannot be held responsible for the decision by security personnel to keep inmates in their cells at the Gilliam Psychiatric Hospital while the welding took place. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."), which cites *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C. July 25, 2007) (collecting cases holding that a plaintiff suing a government official in his or her individual capacity and seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right).

"Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of

danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) (citation omitted), *superannuated on other grounds by Farmer v. Brennan*, 511 U.S. at 837. "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. at 106.

To prevail on an Eighth Amendment deliberate indifference claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The plaintiff was not deprived of any basic need, such as food, medical care, or security by the named defendants. In fact, the plaintiff's security from inmate attacks was probably enhanced by the decision to keep the inmates in their cells. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (prison officials have duty to protect prisoners from violence "at the hands of other prisoners"). Federal courts are required to accord great consideration to a correctional or detention system's need to maintain order, discipline, and control. *See Wolff v. McDonnell*, 418 U.S. 539, 558–62 (1974). Hence, under *Wolff*, no constitutional violation has been shown.

Moreover, this court has held that the short-term exposure of inmates or detainees to unpleasant conditions is not a constitutional violation. *See Campbell v. Wright*, Civil Action No. 6:14-1832-BHH-KFM, 2015 WL 1400363, at *6 (D.S.C. Jan. 15, 2015) ("Short-term exposure of inmates or pretrial detainees to unpleasant conditions,

such as clogged toilets, is not a constitutional violation, particularly if the condition is fixed or repaired."), *adopted by* 2015 WL 1400368 (D.S.C. Mar. 25, 2015); and *Booker v. Atkinson*, Civil Action No. 3:11-1651-RBH-JRM, 2011 WL 8193750, at *2–3 (D.S.C. Aug. 31, 2011) (collecting cases), *adopted by* 2012 WL 2712152 (D.S.C. July 9, 2012).

Since the plaintiff's federal claims are subject to summary dismissal, it is recommended that any state law claims raised by the plaintiff be dismissed *without prejudice*. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Virginia*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); and 28 U.S.C. § 1367(c)(3).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

May 7, 2015  
Charleston, South Carolina

_____  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

5

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).